UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, CINCINNATI OFFICE

| | | |
|---|---|---|
| **BEVERLY BROWN** | : | Case No.:    1:16-cv-00988 |
| 11747 Rose Lane #47 | : | |
| Cincinnati OH 45246 | : | |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| V. | : | |
| | : | Magistrate Judge |
| **UNIVERSITY OF CINCINNATI** | : | Stephanie K. Bowman |
| **FOUNDATION** | : | |
| Service Agent: William E. Henrich | : | |
| 51 Goodman Avenue #100 | : | |
| Cincinnati OH  45219 | : | |
| | : | **FIRST AMENDED** |
| AND | : | **COMPLAINT WITH** |
| | : | **JURY DEMAND** |
| **RODNEY GRABOWSKI, as an individual** | : | |
| **and in his official capacity as** | : | |
| **UCF President** | : | |
| University of Cincinnati Foundation | : | |
| PO BOX 19970 | : | |
| Cincinnati OH 45219 | : | |
| | : | |
| AND | : | |
| | : | |
| **JOE LAMBERT, as an individual and in his** | : | |
| **Official capacity as Director, Information** | : | |
| **Services** | : | |
| University of Cincinnati Foundation | : | |
| PO BOX 19970 | : | |
| Cincinnati OH 45219 | : | |
| | : | |
| AND | : | |
| | : | |
| **LINDA BLEDSOE, as an individual and in her** | : | |
| **Official capacity as Director, Human Resources** | : | |
| **Programs** | : | |
| University of Cincinnati Foundation | : | |
| PO BOX 19970 | : | |
| Cincinnati OH 45219 | : | |
| | : | |

...

**AND**

**CARRIE WHITE, as an individual and in her** :
**Official capacity as Vice President Advancement** :
**Services** :
**University of Cincinnati Foundation** :
**PO BOX 19970** :
**Cincinnati OH 45219** :
　　　　　　　　　　　　　　　　　　　　　　　　　:
**AND** :
　　　　　　　　　　　　　　　　　　　　　　　　　:
**TIM BUCHER, as an individual and in his** :
**Official capacity as Senior Director of** :
**Information & Technology Management** :
**University of Cincinnati Foundation** :
**PO BOX 19970** :
**Cincinnati OH 45219** :
　　　　　　　　　　　　　　　　　　　　　　　　　:
**AND** :
　　　　　　　　　　　　　　　　　　　　　　　　　:
**JOHN DOES 1 through/and including 10** :
**NAMES AND ADDRESSES UNKNOWN** :
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　**Defendants.** :
_____

　　　　Plaintiff, by and through her attorney, bring this action against the Defendants and allege as follows:

### JURISDICTION

　　1. This action is brought pursuant to Title VII of the US Code, for discrimination based on race, color, age, disability, perceived disability, retaliation for use of FMLA leave, and pursuant to Ohio Rev. Code sections 4112 et seq., and 4113.52.

　　2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (Federal Question) and 28 U.S.C. §1343 (Civil Rights) and pursuant to its pendent and ancillary jurisdiction over related state causes of action.

　　3. Plaintiff filed an EEOC charge August 23, 2016, case # 473-2016-01100.  A copy

is attached as Exhibit A. A Notice of acknowledgment was issued by the EEOC on September 13, 2016. A copy is attached hereto as Exhibit B. A Notice of Right to Sue letter was issued on October 17, 2016. A copy is attached as Exhibit C.

4. Venue lies in the Southern District of Ohio, the judicial district in which the claim arose pursuant to 28 U.S.C. § 1391. The Plaintiff further invokes the pendent jurisdiction of this Court to hear and consider claims also arising under the state laws of Ohio. The matter in controversy exceeds, exclusive of interest, the sum of SEVENTY-FIVE THOUSAND U.S. DOLLARS ($75,000.00).

## THE PARTIES

5. Plaintiff, Beverly Brown, is an African American female over the age of 40 who is a resident of the County of Hamilton, State of Ohio and was employed in the County of Hamilton, State of Ohio at all relevant times herein.

6. Plaintiff was employed by Defendants, and each of them, at all times relevant hereto.

7. Defendants University of Cincinnati Foundation is a corporation and/or businesses licensed to do and doing business in the State of Ohio with principle business in Hamilton County, Ohio and are "employers" within the meaning of Title VII, Age Discrimination in Employment Act of 1967 (ADEA), Americans with Disabilities Act (ADA), as amended, and the Family Medical Leave Act (FMLA), Ohio Rev. Code, sec. 4112.01(A) (2), and under Ohio Rev. Code Title 41.

8. Defendants University of Cincinnati Foundation, at all times relevant employed, controlled or had the right to control Defendants Robert Grabowski, Joe Lambert, Steve Blankenship, Linda Bledsoe, Carrie White, Tim Bucher and John Does 1-10, whose names

and identities are unknown to Plaintiff, but known to Defendant University of Cincinnati Foundation, which individuals committed certain acts or omissions in the course and scope of their employment and/or relationship with University of Cincinnati Foundation and in the name of the Defendant University of Cincinnati Foundation.

9. Defendant Rodney Grabowski, was at all times relevant hereto, an officer and/or manager of Defendant University of Cincinnati Foundation and is an "employer" within the meaning of the Age Discrimination in Employment Act of 1967 (ADEA) , as codified at 42 USC Sections 621 *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e *et seq.*, the Family Medical Leave Act (FMLA), the Age Discrimination in Employment Act of 1967 (ADEA) and within the meaning of O.R.C. 4112.01 et seq.

10. Defendant Joe Lambert, was at all times relevant hereto, an officer and/or manager of Defendant University of Cincinnati Foundation and is an "employer" within the meaning of the Age Discrimination in Employment Act of 1967, as codified at 42 USC Sections 621 *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e *et seq.*, the Family Medical Leave Act, the American with Disabilities Act and within the meaning of O.R.C. 4112.01 et seq.

11. Defendant Linda Bledsoe, was at all times relevant hereto, an officer and/or manager of Defendant University of Cincinnati Foundation and is an "employer" within the meaning of the Age Discrimination in Employment Act of 1967, as codified at 42 USC Sections 621 *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e *et seq.*, the Family Medical Leave Act and the Americans With Disabilities Act and within the meaning of O.R.C. 4112.01 et seq.

12. Defendant Carrie White, was at all times relevant hereto, an officer and/or manager of Defendant University of Cincinnati Foundation and is an "employer" within the meaning of the Age Discrimination in Employment Act of 1967, as codified at 42 USC Sections 621 *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e *et seq.*, the Family Medical Leave Act, the Americans with Disabilities Act and within the meaning of O.R.C. 4112.01 et seq.

13. Defendant Tim Bucher, was at all times relevant hereto, an officer and/or manager of Defendant University of Cincinnati Foundation and is an "employer" within the meaning of the Age Discrimination in Employment Act of 1967, as codified at 42 USC Sections 621 *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e *et seq.*, the Family Medical Leave Act, the Americans with Disabilities Act and within the meaning of O.R.C. 4112.01 et seq.

14. At all times relevant hereto, John Does one through and including ten were and are individuals or entities whose names and addresses could not have been discovered by Plaintiff through exercise of due diligence prior to the filing of this lawsuit.

15. At all times relevant hereto, individual Defendants and John Does 1 through 10 acted within the scope of their employment with Defendant University of Cincinnati Foundation.

16. All of the above Defendants and individual Defendants who acted under color of state law and are responsible for Plaintiff's damages in both their individual and official capacities.

**STATEMENT OF FACTS**

17. Plaintiff was hired by Defendants, in 1981.

18. Plaintiff's most recent position with Defendants was Information Technology Analyst.

19. On or about April 11, 2016, Plaintiff was terminated from her employment with Defendant University of Cincinnati Foundation.

20. Plaintiff is a qualified individual with a disability and in September 2014 had to take leave under the Americans with Disabilities Act and FMLA.

21. Plaintiff an African American female over the age of 40.

22. Plaintiff took leave under FMLA and returned to work at 2 days per week on or about November 17, 2014. On or about January 26, 2015, Plaintiff returned to work on a full-time basis.

23. The Defendants and all of them knew that Plaintiff had a serious medical condition, knew that she used FMLA leave, knew she was disabled and/or considered her to be disabled.

24. In 2014, Defendant University of Cincinnati Foundation implemented a new computer system called the Black Box CRM. Instructions as to its use was provided to other employees which consisted of multiple training sessions. When Plaintiff returned to work, she was not given proper training nor was she allowed one or two sessions, and was called out of at least 1 session after only one hour of training. Plaintiff asked for additional training and was denied additional training by Defendants including Defendant White.

25. During the summer and fall of 2015, Plaintiff's performance review was significantly altered and her rating decreased by Defendant White. In fact, Defendant

White instructed Plaintiff's supervisor, Defendant Blankenship, to reduce her performance ratings across the board. Defendant Blankenship did so at the instruction and insistence of Defendant White, even though he did not agree with the reduced ratings.

26. On or about November 30, 2015, based on the reduced performance ratings, Defendants placed Plaintiff on a Performance Improvement Plan (PIP). Thereafter, Plaintiff was told she was terminated.

27. Plaintiff was denied bonus or annual pay raise in December 2015 - January 2016 while other employees who were significantly younger and non-disabled, were given pay increases.

28. The actions taken against Plaintiff, including reduction of her performance ratings, PIP, and up to and including termination, were based on her age (over 40). Other employees who were significantly younger than Plaintiff were treated better.

29. The adverse employment actions taken against Plaintiff, up to and including termination, were based on her sex (female). Other male employees were treated better than Plaintiff.

30. The adverse employment actions taken against Plaintiff, up to and including termination, were based on her race (African American). Other non-African American employees were treated better than Plaintiff.

31. The adverse employment actions taken against Plaintiff, up to and including termination, were based on her real or perceived disability. Other non-disabled employees were treated better than Plaintiff.

32. The adverse employment actions taken against Plaintiff, up to and including termination, were based on retaliation for use of FMLA. Other employees who did not take medical leave and FMLA were treated better than Plaintiff.

33. As a direct and proximate result of Defendants' Actions, Plaintiff has suffered damages in the form of back pay, front pay, emotional distress, physical pain and suffering, compensatory economic and non-economic damages, and other damages to be proven at the time of trial. She has suffered and will continue to suffer these damages in the future.

## FIRST CAUSE OF ACTION – DISCRIMINATION BASED ON AGE

34. Plaintiff re-alleges as if fully re-written herein all the allegations contained in all prior paragraphs.

35. Defendants and each of them have discriminated and retaliated against Plaintiff in violation of the Age Discrimination in Employment Act, and the Ohio Revised Code.

36. Defendants' actions were willful, wanton and in reckless disregard for Plaintiff's rights.

37. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages and is entitled to recover under ADEA and Ohio Revised Code.

38. By acting in the manner described herein on Plaintiff, in a careless and negligent manner, Defendants knowingly created a "great probability of causing substantial harm" to others, especially Plaintiff.

39. Defendants' actions constituted willful and wanton recklessness, and a conscious disregard for the safety and well-being of others, especially Plaintiff, thereby entitled Plaintiff to punitive damages.

40. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages as alleged herein, including but not limited to lost wages (past and future), lost employment benefits, emotional distress, and is entitled to punitive damages in an amount determined by the finder of fact.

## SECOND CAUSE OF ACTION – SEX and RACE DISCRIMINATION

41. Plaintiff re-alleges as if fully re-written herein all the allegations contained in all prior paragraphs.

42. Defendants and each of them have discriminated and retaliated against Plaintiff in violation of Title VII, 42 US 2000e.

43. Defendants' actions were willful, wanton and in reckless disregard for Plaintiff's rights.

44. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages and is entitled to recover under Title VII, 42 USC 200e.

45. By acting in the manner described herein on Plaintiff, in a careless and negligent manner, Defendants knowingly created a "great probability of causing substantial harm" to others, especially Plaintiff.

46. Defendants' actions constituted willful and wanton recklessness, and a conscious disregard for the safety and well-being of others, especially Plaintiff, thereby entitled Plaintiff to punitive damages.

47. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages as alleged herein, including but not limited to lost wages (past and future), lost employment benefits, emotional distress, and is entitled to punitive damages in an amount determined by the finder of fact.

**THIRD CAUSE OF ACTION – DISCRIMINATION BASED ON DISABILITY**

48. Plaintiff re-alleges as if fully re-written herein all the allegations contained in all prior paragraphs.

49. Defendants and each of them have discriminated and retaliated against Plaintiff in violation of the ADA and ORC § 4112 et seq based on disability

50. Defendants' actions were willful, wanton and in reckless disregard for Plaintiff's rights.

51. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages and is entitled to recover under Title VII, 42 USC 200e.

52. By acting in the manner described herein on Plaintiff, in a careless and negligent manner, Defendants knowingly created a "great probability of causing substantial harm" to others, especially Plaintiff.

53. Defendants' actions constituted willful and wanton recklessness, and a conscious disregard for the safety and well-being of others, especially Plaintiff, thereby entitled Plaintiff to punitive damages.

54. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages as alleged herein, including but not limited to lost wages (past and future), lost employment benefits, emotional distress, and is entitled to punitive damages in an amount determined by the finder of fact.

**FOURTH CAUSE OF ACTION – FAMILY MEDICAL LEAVE ACT**

55. Plaintiff re-alleges as if fully re-written herein all the allegations contained in all prior paragraphs.

10

56. Defendants and each of them have discriminated and retaliated against Plaintiff in violation of the Family Medical Leave Act, as amended.

57. Defendants' actions were willful, wanton and in reckless disregard for Plaintiff's rights.

58. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages and is entitled to recover under the FMLA

59. By acting in the manner described herein on Plaintiff, in a careless and negligent manner, Defendants knowingly created a "great probability of causing substantial harm" to others, especially Plaintiff.

60. Defendants' actions constituted willful and wanton recklessness, and a conscious disregard for the safety and well-being of others, especially Plaintiff, thereby entitled Plaintiff to punitive damages.

61. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages as alleged herein, including but not limited to lost wages (past and future), lost employment benefits, emotional distress, and is entitled to punitive damages in an amount determined by the finder of fact.

### FIFTH CAUSE OF ACTION
### RETALIATORY DISCHARGE AND BREACH OF CONTRACT

62. Plaintiff re-alleges as if fully re-stated herein all allegations contained in prior paragraphs.

63. Defendants, and each of them, breached the express and implied employment contract by failing to maintain a workplace free of racial, sexual, disability harassment, and discrimination based on disability, injury, use of FMLA leave, and workers' compensation and retaliation.

64. Defendants, and each of them, entered into an express and/or implied contract with Plaintiff agreeing to pay her an hourly wage for services rendered.

65. Defendants further agreed by law and policy to provide a work place safe and free from discrimination and retaliation.

66. Defendants, and each of them, breached the express and/or implied contract in violation of public policy as alleged herein.

67. As a direct and proximate result of Defendants' breach of contract, Plaintiff has suffered and will continue to incur lost wages, lost benefits, and all other damages alleged above.

68. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages as alleged herein, including but not limited to lost wages (past and future), lost employment benefits, emotional distress, and is entitled to punitive damages in an amount determined by the finder of fact.

### SIXTH CAUSE OF ACTION – RESPONDEAT SUPERIOR

69. Plaintiff re-alleges as if fully re-stated herein all allegations contained in prior paragraphs.

70. At all times relevant hereto, Defendants Grabowski, Lambert, Blankenship, Bledsoe, White, Bucher and John Does one through and including ten were agents and/or employees of Defendant University of Cincinnati Foundation.

71. At all times relevant hereto, Defendants Grabowski, Lambert, Blankenship, Bledsoe, White Bucher and John Does one through and including ten were acting within the course and scope of their employment with furtherance of interest of said Defendant University of Cincinnati Foundation.

72. Defendants are liable to Plaintiff for her damages under the Doctrine of *Respondent Superior*.

**WHEREFORE**, Plaintiff demands that the Court:

(A) Award Plaintiff compensatory damages in an amount to be shown at trial.

(B) Award Plaintiff punitive damages against each Defendant in an amount to be shown at trial.

(C) Award Plaintiff back pay, front pay, and employment benefits and other equitable relief.

(D) Award Plaintiff reasonable attorney's fees and costs and disbursements.

(E) Award Plaintiff pre and post judgment interest at the statutory rate.

(F) Grant Plaintiff such additional relief as the Court deems just and proper.

Respectfully Submitted,
**LAW OFFICES OF**
**ALISSA SAMMARCO MAGENHEIM LLC**

*/S/ Alissa J. Sammarco Magenheim*
Alissa Sammarco Magenheim 0077563
Attorney for Plaintiff
15 East 8th Street
Cincinnati, Ohio 45202
Phone: 513-763-7700
Fax: 513-763-7704
Email: asm@AlissaMagenheimLaw.com

**Plaintiff hereby demands a trial by Jury**

*/S/ Alissa J. Sammarco Magenheim*
Alissa Sammarco Magenheim 0077563
Attorney for Plaintiff